UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　'O'

| Case No. | 2:15-cv-01713-CAS(PLAx) | Date | July 14, 2015 |
|---|---|---|---|
| Title | LEE v. THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, FULLERTON, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:**　　(IN CHAMBERS): DEFENDANTS' MOTION TO DISMISS (Dkt. 18, filed May 21, 2015)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

**I.    INTRODUCTION**

On March 9, 2015, plaintiff Kenya Lee filed this action against defendants Board of Trustees of the California State University, Fullerton ("CSUF"), Perry Wooding, and Does 1-10. Dkt. 1. In brief, the operative First Amended Complaint ("FAC") alleges that defendants discriminated against plaintiff, a nursing student at CSUF, on the basis of race. The FAC asserts the following claims: (1) racial discrimination, in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq. ("Title VI"), against all defendants; (2) racial discrimination in contracting, in violation of 42 U.S.C. § 1981, against all defendants; and (3) racial discrimination, in violation of 42 U.S.C. § 1983, against Wooding and Does 1-10. Dkt. 14.[1]

---

[1] Although plaintiff technically styles her third claim against Wooding as one for violation of 42 U.S.C. § 1981, she alleges that Wooding's conduct violated the "Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, which is actionable under 42 U.S.C. section 1983." FAC ¶ 41. The Court thus construes the claim as brought pursuant to section 1983.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:15-cv-01713-CAS(PLAx) | Date | July 14, 2015 |
|---|---|---|---|
| Title | LEE v. THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, FULLERTON, ET AL. | | |

On May 21, 2015, defendants filed a motion to dismiss the FAC. Dkt. 18. Plaintiff filed an opposition on June 8, 2015, dkt. 20, and defendants replied on June 15, 2015, dkt. 22. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   FACTUAL BACKGROUND

Plaintiff is an African American student enrolled in CSUF School of Nursing's undergraduate program. FAC ¶¶ 6-7. In August 2012, plaintiff enrolled in Nursing 355L, a course taught by defendant Wooding. Id. ¶ 8. Students in Nursing 355L worked in pairs. Id.

On August 29, 2012, plaintiff arrived late to Nursing 355L. Id. ¶ 10. Although plaintiff apologized to Wooding for being late, she alleges that Wooding reprimanded her in front of the class, humiliating plaintiff. Id. Other students were also late to class that day. Id. Plaintiff, however, alleges that Wooding provided the other late students with the materials they needed for class, while refusing to provide plaintiff with the same materials. Id. Wooding also allegedly told plaintiff that she would review the school policy to decide whether to fail plaintiff for the day for arriving late. Id. Wooding subsequently gave plaintiff a grade of zero percent for her work on August 29, 2012. FAC ¶ 11. Wooding allegedly informed plaintiff that she had not reviewed the relevant CSUF policy, but had decided to fail plaintiff nonetheless. Id. Wooding later altered plaintiff's grade, however, so that plaintiff received partial credit. Id.

On September 5, 2012, Wooding failed plaintiff on a second assignment. FAC ¶ 12. Plaintiff became concerned that Wooding's actions reflected her racial bias against plaintiff, and plaintiff contacted a senior professor at the school to discuss those concerns. Id. The senior professor, however, threatened to refer plaintiff to the Associate Dean for discipline, explaining that Wooding had accused plaintiff of not acting civilly during a conversation regarding plaintiff's grades. Id. Plaintiff was shocked. Id. Plaintiff alleges that she had been polite and respectful when speaking with Wooding, and believed Wooding's accusations were due to racial discrimination. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-01713-CAS(PLAx) | Date | July 14, 2015 |
|---|---|---|---|
| Title | LEE v. THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, FULLERTON, ET AL. | | |

Also in September 2012, plaintiff's lab partner informed plaintiff that Wooding had contacted her to inquire if plaintiff was doing her own work. FAC ¶ 13. Wooding allegedly told plaintiff's lab partner that she believed plaintiff was "not a hard worker." Id.

Plaintiff further alleges that while Wooding initially allowed students to eat during class, she reversed this policy when plaintiff brought food for the first time. FAC ¶ 14. Wooding allegedly told plaintiff that she would have to eat and drink outside, because Wooding did not want "watermelon seeds all over the floor." Id. Plaintiff alleges that she never brought watermelon to class and did not see any other student with watermelon that day. Id. Plaintiff subsequently asked CSUF administrators to allow her to transfer out of Wooding's class and into another Nursing 355L section, because she believed Wooding was racially biased against her. Id. ¶ 15. Defendant CSUF denied plaintiff's request. Id.

Plaintiff alleges that she continued to receive poor grades and suffer demeaning comments from Wooding. Id. ¶ 16. On September 25, 2012, plaintiff contacted Associate Professor Stephanie Vaughn to discuss Wooding's alleged racial bias. Id. Plaintiff allegedly asked Vaughn to report Wooding's discriminatory acts to the Dean of Student Services. Id. It is unclear from the FAC whether Vaughn reported Wooding.

The next day, September 26, 2012, plaintiff submitted an assignment to Wooding in which plaintiff cited to her textbook. Id. ¶ 17. On September 30, 2012, Wooding accused plaintiff of plagiarism, noting that some of plaintiff's work came from Wikipedia rather than the textbook. Id. Wooding also noted that plaintiff and her lab partner had similar answers, and accused them of cheating—an accusation that both denied. Id.

On October 3, 2012, plaintiff informed Cynthia Greenberg, Director and Professor at CSUF School of Nursing, that Wooding was discriminating against plaintiff because of her race. Id. ¶ 18. Plaintiff described Wooding's aforementioned comments and stated that she found them racially offensive. Id. Plaintiff also explained that she had inadvertently forgotten to include a second citation to Wikipedia on her allegedly plagiarized assignment, and had not intended

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-01713-CAS(PLAx) | Date | July 14, 2015 |
|---|---|---|---|
| Title | LEE v. THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, FULLERTON, ET AL. | | |

to represent the work as her own. Id. Greenberg instructed plaintiff to resubmit the assignment with the second citation. Id. Plaintiff resubmitted her assignment, but Wooding nonetheless awarded plaintiff zero credit and reported her to the administration for plagiarism. Id. Following a lengthy appeal process, CSUF ruled in plaintiff's favor, concluding that plaintiff had not intended to plagiarize. Id. ¶ 20.

Despite the finding that plaintiff did not intend to plagiarize, Wooding refused to award plaintiff any credit for the assignment. Id. Other senior members of the faculty also denied plaintiff's request for a grade change. Id. Plaintiff alleges that prior to submitting the allegedly plagiarized assignment, two other students in Wooding's Nursing 355L course were found copying each other's assignments. Id. ¶ 19. Wooding, however, spoke with the school and ultimately decided not to report those two students because Wooding did not believe those two students had intended to plagiarize. Id. Nonetheless, plaintiff alleges that Wooding informed other CSUF staff that she was shocked that plaintiff had successfully appealed her plagiarism case, since Wooding believed that a student's intent was irrelevant in plagiarism determinations. Id. ¶ 20.

Although the time frame is unclear from the FAC, it appears that plaintiff continued to attend Wooding's class following the plagiarism appeals process. Plaintiff subsequently took the course's midterm examination, which she passed. Id. ¶ 23. Plaintiff believed she would be graded fairly on her midterm because an auditor was present during the exam. Id. ¶ 23.

There was no auditor, however, at the final examination. Id. ¶ 24. Although Wooding provided other students with their course grades immediately upon completion of the exam, Wooding did not do the same for plaintiff. Id. Ultimately, Wooding awarded plaintiff a failing grade on the final examination and a failing grade for Nursing 355L overall. Id.

Plaintiff tried to retake the Nursing 355L course during the 2013 summer semester with another professor. Id. ¶ 25. Although plaintiff received the professor's approval, CSUF did not allow plaintiff to enroll. Id. Over the span of several months, plaintiff made additional complaints to CSUF administrators

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-01713-CAS(PLAx) | Date | July 14, 2015 |
| Title | LEE v. THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, FULLERTON, ET AL. | | |

concerning racial bias. Id. A year later, the U.S. Department of Education, Office of Civil Rights ("OCR") became involved and launched an investigation. Id. Although it is unclear from the FAC who initiated the OCR investigation, apparently as a result of OCR's involvement, CSUF allowed plaintiff to retake the final examination for Nursing 355L. Plaintiff passed the final examination, and ultimately received a passing grade for Nursing 355L. Id. Although the time frame is likewise unclear from the FAC, plaintiff also filed a complaint with OCR and, per a Resolution Agreement, CSUF instituted programs to ensure compliance with anti-discrimination laws. Id. ¶ 26.

### III.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:15-cv-01713-CAS(PLAx) | Date | July 14, 2015 |
| Title | LEE v. THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, FULLERTON, ET AL. | | |

Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**IV.   DISCUSSION**

Defendants contend that plaintiff's Title VI claim, asserted against all defendants, is barred by the statute of limitations. Mot. Dismiss at 7. Insofar as this claim is asserted against Wooding, defendants contend it must also be dismissed because Wooding did not receive any federal funds. Id. at 8. Defendants further contend that plaintiff's section 1981 claim, asserted against all

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-01713-CAS(PLAx) | Date | July 14, 2015 |
| Title | LEE v. THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, FULLERTON, ET AL. | | |

defendants, and section 1983 claim, asserted solely against Wooding, are barred by the principle of sovereign immunity. Id. at 10-11.

### A.   Plaintiff's Claim Against All Defendants for Violation of Title VI

Plaintiff alleges that Wooding intentionally discriminated against her because she is African American, in violation of Title VI. FAC ¶ 30. Specifically, plaintiff alleges that Wooding reprimanded plaintiff in front of her peers, while refraining from reprimanding other students in a similar manner; refused to give plaintiff credit for late or allegedly plagiarized assignments, even though other students received credit under similar situations; prohibited plaintiff from eating in the classroom because she did not want "watermelon seeds all over the floor," although plaintiff never brought watermelon and Wooding had previously allowed other students eat in the classroom; and provided other students their final exam grades immediately upon completion of the exam, but refused to do the same for plaintiff. Id. Plaintiff further claims that CSUF ratified and condoned Wooding's conduct by declining to take any action against Wooding despite having knowledge of her conduct, likewise in violation of Title VI. FAC ¶ 31.

#### 1.   Receipt of Federal Funds

Defendants assert that plaintiff's Title VI claim against Wooding must be dismissed because Wooding was not the recipient of federal funds. "[I]ndividuals may not be held liable for violations of Title VI because it prohibits discrimination only by recipients of federal funding." Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1169 (11th Cir. 2003) (citing Buchanan v. City of Bolivar, 99 F.3d 1352, 1356 (6th Cir. 1996)); accord Folkes v. N.Y. Coll. of Osteopathic Med. of N.Y. Inst. of Tech., 214 F. Supp. 2d 273, 292 (E.D.N.Y. 2002); Steel v. Alma Pub. Sch. Dist., 162 F. Supp. 2d 1083, 1085 (W.D. Ark. 2001); Powers v. CSX Transp., Inc., 105 F. Supp. 2d 1292, 1311-12 (S.D. Ala. 2000).

Although the Ninth Circuit has declined to rule on this precise issue, see Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 978 n.7 (9th Cir. 2004), courts in the Ninth Circuit have concluded that individuals may not be held liable under Title VI since "the proper defendant is the entity receiving federal funds, not the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-01713-CAS(PLAx) | Date | July 14, 2015 |
|---|---|---|---|
| Title | LEE v. THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, FULLERTON, ET AL. | | |

employees who are employed by the entity." Drawsand v. F.F. Properties, L.L.P., 866 F. Supp. 2d 1110, 1122 (N.D. Cal. 2011); accord Jones v. Beverly Hills Unified School Dist., No. WD CV 08-7201-JFW (PJW), 2010 WL 1222016, at *6 (C.D. Cal. Mar. 24, 2010), report and recommendation adopted, 2010 WL 1222023 (C.D. Cal. Mar. 25, 2010); Travis v. Folsom Cordova Unified School Dist., No. 2:02-CV-2074-MCE-EFB, 2007 WL 529840, at *6 (E.D. Cal. Feb. 20, 2007). Here, Wooding is both an employee of CSUF and an individual. See FAC ¶ 3. Thus, Wooding cannot be held liable under Title VI as a matter of law.

Accordingly, insofar as plaintiff asserts her Title VI claim against defendant Wooding, the Court GRANTS defendants' motion to dismiss this claim.

### 2.     The Statute of Limitations

Defendants also argue that plaintiff's Title VI claim is barred by the statute of limitations. Mot. Dismiss at 7. All claims brought under Title VI are governed by the same limitations period as those brought under section 1983. Taylor v. Regents of Univ. of California, 993 F.2d 710, 712 (9th Cir. 1993). In turn, the statute of limitations for all section 1983 claims is determined by the forum state's limitations period for personal injury torts. Wilson v. Garcia, 471 U.S. 261, 269 (1985). The statute of limitations for personal injury actions in California is two years, 2002 Cal. Legis. Serv. Ch. 448 (S.B. 668) (West); Code Civ. Proc. § 335.1, and accordingly, plaintiff's Title VI claim is governed by a two year statute of limitations.

While state law establishes the length of the statute of limitations, federal law dictates when a civil rights claim accrues. Morales v. City of Los Angeles, 214 F.3d 1151, 1153-54 (9th Cir. 2000). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting TwoRivers v. Lewis, 174 F.3d 987, 992 (9th Cir. 1999)).

Defendants argue that plaintiff's claims against CSUF accrued in August 2012, when plaintiff started the Nursing 355L course and experienced her first negative interaction with Wooding, or—at the latest—in October 2012, when

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-01713-CAS(PLAx) | Date | July 14, 2015 |
|---|---|---|---|
| Title | LEE v. THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, FULLERTON, ET AL. | | |

plaintiff spoke with Director Greenberg about Wooding and the allegedly plagiarized assignment.[2] Mot. Dismiss at 8; FAC ¶¶ 8, 10, 18.  Thus, according to defendants, plaintiff had until October 2014 at the latest to bring a Title VI claim based on this conduct.  Id.  Plaintiff responds that her claim is timely under the continuing violation doctrine, because she experienced discriminatory and harassing conduct in 2013 and 2014.  Opp'n at 3.  Alternately, plaintiff contends that her claim is equitably tolled, since the FAC alleges that she sought redress through the OCR.  Id.

      a.      **The Continuing Violation Doctrine**

     Prior to the Supreme Court's decision in National R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002), the Ninth Circuit permitted a plaintiff to bring claims for discriminatory acts occurring outside the limitations period if the plaintiff could show "a series of related acts one or more of which are within the limitations period."  Morgan v. National R.R. Passenger Corp., 232 F.3d 1008, 1015-16 (9th Cir. 2000), aff'd in part and rev'd in part, National R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002).  In Morgan, however, the Supreme Court rejected the "related acts" theory, holding that discrete discriminatory acts are "not actionable if time barred, even when they are related to acts alleged in timely filed charges."  536 U.S. at 113 (2002).  Instead, each discrete discriminatory act "starts a new clock for filing charges alleging that act."  Id. (explaining that plaintiff may still proffer evidence of time-barred discriminatory acts "in support of a timely claim.").  Discrete acts are generally "easy to identify," and each act is separately actionable.  Id. at 114 (identifying "termination, failure to promote, denial of transfer, or refusal to hire," as examples of discrete acts).[3]

---

    [2] October 3, 2012, is the latest date specifically mentioned in the FAC.  FAC ¶ 18.  While it appears that plaintiff alleges other acts that logically would have occurred after October 3, 2012, plaintiff does not provide any dates, leaving the time frame unclear.

    [3] Although Morgan was a Title VII case, the Ninth Circuit has applied Morgan beyond Title VII.  See Carpinteria Valley Farms, Ltd. v. County of Santa

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-01713-CAS(PLAx) | Date | July 14, 2015 |
|---|---|---|---|
| Title | LEE v. THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, FULLERTON, ET AL. | | |

     Defendants argue that the FAC only alleges "discrete instances of conduct" by Wooding, all of which occurred in Fall 2012 when plaintiff was enrolled in Nursing 355L. Reply at 4. Defendants further argue that, to the extent that plaintiff contends that CSUF's denial of her request to retake Nursing 355L in Summer 2013 constitutes a discrete act falling within the limitations period, the FAC fails to allege that CSUF's denial was racially motivated. Id. at 3.

     Here, plaintiff alleges that in Fall 2012, Wooding awarded her failing grades on three separate assignments and the final exam, accused her of plagiarism, prohibited her from eating in class, and subjected her to demeaning comments. See, e.g., FAC ¶¶ 12, 14, 23. These all appear to be discrete acts of discriminatory conduct. See Porter v. Cal. Dep't of Corr., 419 F.3d 885, 893 (9th Cir. 2005) (refusing to grant vacation requests, requiring plaintiff to obtain medical tests by her own physician, leaving negative performance evaluations in plaintiffs personnel file, and instructing plaintiff to enter work site through a back gate constitute discrete acts); Lyons v. England, 307 F.3d 1092, 1108 (9th Cir. 2002) (denying favorable assignment of details constitutes a discrete act). Thus, it appears that each of these discrete acts was individually actionable only until Fall 2014, several months before plaintiff filed the instant action in March 2015.[4]

     Defendants' alleged denial of plaintiff's request to retake Nursing 355L in Summer 2013, however, does fall within the limitations period. Moreover, the totality of the allegations in the FAC supports an inference that this denial was based on impermissible racial discrimination.

---

Barbara, 344 F.3d 822, 829 (2003).

    [4] However, as discussed infra in connection with equitable tolling, on this record, the Court cannot conclude as a matter of law that discrete acts occurring outside the limitations period are time-barred.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:15-cv-01713-CAS(PLAx) | Date | July 14, 2015 |
|---|---|---|---|
| Title | LEE v. THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, FULLERTON, ET AL. | | |

### b.    Equitable Tolling

The continuing violation doctrine notwithstanding, plaintiff also asserts that the statute of limitations should be equitably tolled because she sought an alternate remedy by reporting the alleged discrimination to the OCR. Opp'n at 6. When a plaintiff has several legal remedies and pursues one, such as by filing a claim with the OCR (the "first claim"), equitable tolling suspends the running of the statute of limitations. Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1136 (9th Cir. 2001). A plaintiff can thus file a claim with the court (the "second claim") that would otherwise be time-barred because the limitations period was tolled while the first claim was pending. Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993). As with the statute of limitations, "the court borrows the state's equitable tolling rules, absent a reason not to do so." Daviton, 241 F.3d 1131, 1135 (9th Cir. 2001) (citing Board of Regents v. Tomanio, 466 U.S. 478, 486-87 (1980)). Thus, California's equitable tolling rules apply to plaintiff's Title VI claim. Accord Bassette v. City of Oakland, No. C-00-1645 JCS, 2000 WL 33376593, at *3 (N.D. Cal. Aug. 11, 2000) (citing Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999)).

California courts apply a three-pronged test to determine whether equitable tolling applies. Daviton, 241 F.3d at 1137. Tolling applies where the record demonstrates "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim." Collier v. City of Pasadena, 142 Cal. App. 3d 917, 924 (1983). The evaluation of these three factors is "fact-intensive" and "requires a *practical* inquiry[,] . . . [which] necessitates resort to the *specific* circumstances of the prior claim: parties involved, issues raised, evidence considered, and discovery conducted. Thus, the question ordinarily requires reference to matters outside the pleadings and is not generally amenable to resolution on a Rule 12(b)(6) motion." Cervantes, 5 F.3d at 1276 (emphasis in original). While in certain rare cases, dismissals have been granted despite a claim of equitable tolling, "in each of those unusual cases, some fact, evident from the face of the complaint, supported the conclusion that the plaintiff could not prevail, as a matter of law, on the equitable tolling issue." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-01713-CAS(PLAx) | Date | July 14, 2015 |
|---|---|---|---|
| Title | LEE v. THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, FULLERTON, ET AL. | | |

Such is not the case here. Although defendants assert that plaintiff did not file her OCR complaint until after the statute of limitations on her Title VI claim had run, and thus equitable tolling should not apply, Reply at 4, it is unclear from the FAC when plaintiff filed the OCR complaint. The Court thus cannot conclude, as a matter of law, that plaintiff's allegations of discriminatory acts falling outside the limitations period cannot be equitably tolled.[5]

Accordingly, because the Court cannot conclude as a matter of law that plaintiff's Title VI claim is barred by the statute of limitations, insofar as plaintiff asserts this claim against CSUF, defendants' motion is DENIED.

Finally, the Court notes that, in her opposition, plaintiff also asserts that various discrete acts of discrimination occurred in 2013 and 2014. Opp'n at 3. Although such acts would appear to fall within the statute of limitations—even absent application of equitable tolling or the continuing violation doctrine—the

---

[5] Defendants also argue that plaintiff's Title VI claim should not be equitably tolled because she was not required to file a complaint with OCR in order to pursue her claim in federal court. Reply at 4. Defendants note that other federal courts have held that the statute of limitations will be tolled only if a plaintiff is required to exhaust administrative remedies before filing suit in federal court, but not if the plaintiff chooses to pursue administrative remedies even when not required to do so. Id. Defendants, however, rely on a single case from the Northern District of Illinois that applied Illinois state law. See Robbins v. DePaul Univ., No. 13 C 06276, 2014 WL 7403381 (N.D. Ill. Dec. 29, 2014). California case law, on the other hand, permits tolling where a plaintiff seeks administrative relief before filing suit, even if the plaintiff was not required to do so. Daviton, 241 F.3d at 1136 ("Even when [plaintiff] was not required to exhaust his administrative remedies . . . a line of recent California cases points toward the principle that . . . if the defendant is not prejudiced . . . the running of the limitations period is tolled when [plaintiff] has several legal remedies and, reasonably and in good faith, pursues one." (quoting Elkins v. Derby, 12 Cal.3d 410, 414 (1974)) (alteration in original omitted) (internal quotation marks omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-01713-CAS(PLAx) | Date | July 14, 2015 |
| Title | LEE v. THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, FULLERTON, ET AL. | | |

acts are not alleged in the FAC. Accordingly, plaintiff is granted leave to file a Second Amended Complaint containing these additional allegations.

### B. Plaintiff's Claim Against All Defendants for Violation of 42 U.S.C. § 1981

#### 1. Defendant CSUF

Defendants argue that plaintiff's section 1981 claim against CSUF must be dismissed under the principle of sovereign immunity embodied in the Eleventh Amendment. Mot. Dismiss at 10. The Eleventh Amendment to the U.S. Constitution provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. As interpreted by the Supreme Court, the amendment prohibits federal courts from hearing suits brought by private citizens against state governments without the state's consent, even if the plaintiff is a citizen of the defendant state. See Hans v. Louisiana, 134 U.S. 1, 15 (1890). Absent waiver, state immunity extends to state agencies. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142–46 (1993). The Ninth Circuit has previously held that schools in the California State University system are arms of the state and can invoke the Eleventh Amendment to prevent litigation in federal court. Jackson v. Hayakawa, 682 F.2d 1344 (9th Cir. 1982).

Here, defendant CSUF is part of the California State University system. Therefore, a suit against CSUF—whether for damages or injunctive or declaratory relief—is categorically barred. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 58 (1996) (stating that the type of relief sought "is irrelevant to the question whether the suit is barred by the Eleventh Amendment"); Greater L.A. Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 n.10 (9th Cir. 1987). Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-01713-CAS(PLAx) | Date | July 14, 2015 |
|---|---|---|---|
| Title | LEE v. THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, FULLERTON, ET AL. | | |

section 1981 claim against CSUF thus fails as a matter of law, and the Court GRANTS defendants' motion to dismiss this claim accordingly.[6]

### 2. Defendant Wooding

Plaintiff also brings a section 1981 claim against Wooding, seeking monetary damages. FAC ¶ 37. Defendants likewise contend that the Eleventh Amendment precludes plaintiff's claim. Mot. Dismiss at 11. Unless a plaintiff seeks prospective injunctive or declaratory relief, suits against state officials acting in their official capacity are barred by the Eleventh Amendment. See Will v. Michigan Department of State Police, 491 U.S. 58 (1989); see also Ex parte Young, 209 U.S. 123, 159-60 (holding that a state official acting in violation of federal law could be sued in his or her official capacity only for prospective injunctive relief). However, suits against state officials acting in an individual capacity, including actions for damages, are not barred by the Eleventh Amendment. Scheuer v. Rhodes, 416 U.S. 232, 238 (1974).

Accordingly, the operative question is whether plaintiff sues Wooding in an official or individual capacity. "[A]n official-capacity suit against a state officer 'is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself.' " Hafer v. Melo, 502 U.S. 21, 26 (1991) (quoting Will, 491 U.S. at 71). In contrast, personal-capacity suits "seek to impose individual liability upon a government officer for actions taken under color of state law." Id. at 25. As the Supreme Court has explained, "the phrase 'acting in their official capacities' is best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury." Id. at 26. Moreover, "[i]n many cases, the complaint will not clearly specify whether officials are sued personally, in their official

---

[6] Moreover, the Ninth Circuit has held that "§ 1981 does not contain a cause of action against states," as states are not "persons" within the meaning of the statute. Pittman v. Oregon, Employment Dept., 509 F.3d 1065, 1074 (9th Cir. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-01713-CAS(PLAx) | Date | July 14, 2015 |
| Title | LEE v. THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, FULLERTON, ET AL. | | |

capacity, or both." Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985). " 'The course of proceedings' in such cases typically will indicate the nature of the liability sought to be imposed." Id.

Defendants argue that plaintiff sues Wooding in her official capacity, since plaintiff alleges that Wooding acted "within the course and scope" of her employment relationship with CSUF.  Reply at 8; FAC ¶ 5.  Whether Wooding acted within the course and scope of her employment has no bearing on the capacity in which she is being sued.  Here, the FAC clearly names "Perry Wooding, an *individual*," and no where alleges that Wooding acted in her "official" capacity.  Cf. Romano, 169 F.3d at 1186 ("We . . . have presumed that officials necessarily are sued in their personal capacities where those officials are named in a complaint, even if the complaint does not explicitly mention the capacity in which they are sued.").  Construing the FAC in the light most favorable to plaintiff, the Court concludes that plaintiff is suing Wooding in her personal, rather than official, capacity.

Thus, insofar as plaintiff asserts a section 1981 claim for damages against Wooding, the claim is not barred by the Eleventh Amendment.  Accordingly, defendants' motion to dismiss this claim is DENIED.

### C.      **Plaintiff's Claim Against Wooding for Violation of 42 U.S.C. § 1983**

Plaintiff claims that Wooding violated plaintiff's rights under the Equal Protection Clause by intentionally discriminating against her through the creation of a racially hostile educational environment.  FAC ¶ 43.  Defendants again argue that plaintiff's claim must be dismissed because plaintiff sues Wooding in her official capacity.  Mot. Dismiss at 11.  As discussed above, defendants' argument is misplaced.  Thus, construing the FAC in the light most favorable to plaintiff, the Court concludes that plaintiff is suing Wooding in her personal capacity and DENIES defendants' motion to dismiss this claim accordingly.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-01713-CAS(PLAx) | Date | July 14, 2015 |
| Title | LEE v. THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, FULLERTON, ET AL. | | |

### D.    Availability of Punitive Damages

Lastly, plaintiff seeks "punitive damages against individual defendant [Wooding]." FAC at 15. Defendants argue that this claim must be stricken, since punitive damages are unavailable as a matter of law when a defendant is sued in her official capacity. Mot. Dismiss at 13. Additionally, defendants contend that plaintiff has not alleged facts "which rise to the level of 'malice,' 'oppression' or 'fraud' on the part of Wooding," id. at 12, as is required to support an award of punitive damages.

Although defendants are correct that punitive damages are not available where a defendant is sued in her official capacity, as discussed supra, plaintiff sues Wooding in her *individual* capacity. Wells v. Bd. of Trustees of California State Univ., 393 F. Supp. 2d 990, 999 (N.D. Cal. 2005) ("[P]unitive damages are available in an individual capacity suit against a State official.") (citing Smith v. Wade, 461 U.S. 30, 35 (1983)). Moreover, on this record, the Court cannot conclude as a matter of law that Wooding's alleged misconduct cannot support an award of punitive damages. Accordingly, the Court DENIES defendants' request to strike plaintiff's prayer for punitive damages.

### V.    CONCLUSION

In accordance with the foregoing, the Court GRANTS in part and DENIES in part defendants' motion to dismiss.

Specifically, the Court GRANTS defendants' motion to dismiss plaintiff's Title VI claim, insofar as it is asserted against Wooding. However, the Court DENIES the motion to dismiss the Title VI claim, insofar as it is asserted against CSUF.

The Court GRANTS defendants' motion to dismiss plaintiff's section 1981 claim, insofar as it is asserted against CSUF. However, the Court DENIES the motion to dismiss the section 1981 claim, insfoar as is asserted against Wooding.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-01713-CAS(PLAx) | Date | July 14, 2015 |
| Title | LEE v. THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, FULLERTON, ET AL. | | |

Lastly, the Court DENIES the motion to dismiss plaintiff's section 1983 claim asserted against Wooding, and DENIES the request to strike plaintiff's claim for punitive damages against Wooding.

Plaintiff shall have until **Tuesday, August 4, 2015** to file a Second Amended Complaint.

IT IS SO ORDERED.

|  |  |  |
|---|---|---|
|  | 00 | : 00 |
| Initials of Preparer | CMJ | |